FILED22 FEB '24 14:47USDC-ORP

**UNDER SEAL**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00280-MO |
| v. | SUPERSEDING INDICTMENT |
| ANDRII LEONYDOVICH PRYKHODCHENKO, aka "Martin," aka "Keyser Soze"; OLEG NIKOLAYEVICH LYULYAVA, aka "Oleh Liuliava," aka "kuluary," aka "pilemon," aka "pilya"; KAREN SEROBOVICH VARDANYAN, aka "Karl Lagerfeld," aka "Maneeken"; and LEVON GEORGIYOVYCH AVETISYAN, aka "Amet," aka "TCP," | 18 U.S.C. § 371; 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), (c)(4)(B)(i), and (c)(4)(B)(ii); 18 U.S.C. § 1030(a)(7)(C), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), (c)(4)(B)(i), and (c)(4)(B)(ii); 18 U.S.C. § 2(a) |
| Defendants. | **Forfeiture Allegations** **UNDER SEAL** |

### THE GRAND JURY CHARGES:

1.    Defendant **ANDRII LEONYDOVICH PRYKHODCHENKO** is a citizen of Ukraine. During the timeframe of this Indictment, defendant **PRYKHODCHENKO** has resided in both Russia and Ukraine and used the online monikers "**Martin**" and "**Keyser Soze.**"

2.    Defendant **OLEG NIKOLAYEVICH LYULYAVA** (sometimes spelled as "**Oleh Liuliava**") is a citizen of Ukraine. During the timeframe of this Indictment, defendant **LYULYAVA** has resided in both Russia and Ukraine and used the online monikers "**kuluary**," "**pilemon**," and "**pilya**."

**Indictment**                                                                                                  **Page 1**

3.      Defendant **KAREN SEROBOVICH VARDANYAN** is a citizen of Ukraine. During the timeframe of this Indictment, defendant **VARDANYAN** has resided in both Russia and Ukraine and used the online monikers "**Karl Lagerfeld**" and "**Maneeken**."

4.      Defendant **LEVON GEORGIYOVYCH AVETISYAN** is a citizen of Ukraine. During the timeframe of this Indictment, defendant **AVETISYAN** has resided in both Russia and Ukraine and used the online monikers "**Amet**," and "**TCP**."

### Ransomware Scheme

5.      Ransomware is a type of malicious software designed to encrypt data on a victim's computer or network that prevents a victim from accessing those files until a ransom is paid.

6.      The Ryuk ransomware, hereinafter referred to as Ryuk, was first used against a victim in or around August 2018. When executed on a computer or network, Ryuk attempts to delete any backup files present on the computer or network and then begins to encrypt files. Files on any storage drives contained within or physically connected to the computer, including any accessible over a network connection, are subject to being encrypted by Ryuk. A "ransom note" is placed onto the computer system when files are encrypted, providing email addresses, typically a foreign, web-based email provider, that the victims could use to contact the individuals using Ryuk. The Ryuk actors also provide a bitcoin wallet address that victims could use to pay a ransom to have their files decrypted.[1] If a victim paid the ransom, the Ryuk actors provide a decrypter.

///

---

[1] Bitcoin is a form of decentralized, convertible digital or cryptocurrency that exists through the use of an online, decentralized ledger system. Bitcoin is just one of several forms of digital currency and has the largest market share of any decentralized digital currency.

**Indictment**                                                                                           **Page 2**

7.    The ransom notes typically stated the following:

*Gentlemen!*

*Your business is at serious risk.*
*There is a significant hole in the security system of your company.*
*We've easily penetrated your network.*
*You should thank the Lord for being hacked by serious people not some stupid schoolboys or dangerous punks.*
*They can damage all your important data just for fun.*

*Now your files are crypted with the strongest millitary algorithms RSA4096 and AES-256.*
*No one can help you to restore files without our special decoder.*

*Photorec, RannohDecryptor etc. repair tools*
*are useless and can destroy your files irreversibly.*

*If you want to restore your files write to emails (contacts are at the bottom of the sheet)*
*and attach 2-3 encrypted files*
*(Less than 5 Mb each, non-archived and your files should not contain valuable information*
*(Databases, backups, large excel sheets, etc.)).*
*You will receive decrypted samples and our conditions how to get the decoder.*
*Please don't forget to write the name of your company in the subject of your e-mail.*
*You have to pay for decryption in Bitcoins.*
*The final price depends on how fast you write to us.*
*Every day of delay will cost you additional +0.5 BTC*
*Nothing personal just business*

*As soon as we get bitcoins you'll get all your decrypted data back.*
*Moreover you will get instructions how to close the hole in security*
*and how to avoid such problems in the future*
*+ we will recommend you special software that makes the most problems to hackers.*

*Attention! One more time!*

*Do not rename encrypted files.*
*Do not try to decrypt your data using third party software.*

*P.S. Remember, we are not scammers.*
*We don`t need your files and your information.*
*But after 2 weeks all your files and keys will be deleted automatically.*
*Just send a request immediately after infection.*
*All data will be restored absolutely.*
*Your warranty – decrypted samples.*

*Contact emails*

**Indictment**                                                                                     **Page 3**

[OMITTED]
*or*
[OMITTED]

*BTC wallet:*
[OMITTED]

*Ryuk*

*No system is safe*

8.    Different builds of Ryuk would contain different contact emails and bitcoin wallet addresses.  Further, each build has a unique matching decrypter.

9.    Ryuk has been used against thousands of victims worldwide, including thousands in the United States and multiple in Oregon.  Victims come from a variety of sectors, including private industry, state and local municipalities, local school districts, critical infrastructure, and hospitals and other healthcare services and providers.  Ryuk attacks have severely disrupted these entities' abilities to function by restricting access to data and impacting communications.  Ryuk victims have paid approximately $150 million in ransoms to recover critical files.

### Victims

10.    Victim Company-1 is a business headquartered in the State of Virginia.  In or about March 2019, Victim Company-1 paid a total 110 bitcoin following a Ryuk ransomware attack in which approximately 100 servers and 300 workstations were compromised.

11.    Victim Company-2 is a business operating in the State of Oregon.  In or about December 2019, Victim Company-2 detected a computer intrusion in which at least 15 machines were compromised, and credentials and data were stolen.

12.    Victim Company-3 is a business operating in the State of Michigan.  In or about January 2020, Victim Company-3 paid a total of 200 bitcoin following a Ryuk ransomware attack in which several servers were encrypted.

**Indictment**                                                                                          **Page 4**

13.     Victim School-1 is a private school operating in the State of Texas. In or about February 2020, Victim School-1 detected a computer intrusion in which at least 1 machine was compromised.

14.     Victim Company-4 is a business operating in the State of California. In or about May 2020, Victim Company-4 detected a computer intrusion in which over 10 servers, over 100 workstations, and 20 laptops were compromised.

15.     Victim Company-5 is a business operating in the State of Pennsylvania. In or about September 2020, Victim Company-5 paid a total of 1,300 bitcoin following a Ryuk ransomware attack in which 100 servers were compromised.

## COUNT 1
### (Conspiracy)
### (18 U.S.C. § 371)

16.     All prior paragraphs of the Indictment are incorporated herein.

17.     Beginning on a date unknown to the Grand Jury, but at least by in or about March 2019, and continuing through a date unknown to the Grand Jury but at least until in or about September 2020, within the District of Oregon and elsewhere, defendants

**PRYKHODCHENKO, LYULYAVA, VARDANYAN**, and **AVETISYAN** and others, known and unknown to the Grand Jury, knowingly and intentionally conspired and agreed to commit offenses against the United States by deploying Ryuk ransomware against victims in the United States, that is:

a.     to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to a protected computer; and the offense caused and would, if completed, have caused: (i) loss to 1 or more persons during a 1-year-period, and loss from a related

**Indictment**                                                    **Page 5**

course of conduct affecting 1 or more protected computers, aggregating at least $5,000 in value; (ii) a threat to public health and safety; and (iii) damage affecting 10 or more protected computers during a 1-year period, contrary to 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(IV), (c)(4)(A)(i)(VI), and (c)(4)(B); and

b.      with intent to extort from any person any money or other thing of value, to transmit in interstate and foreign commerce any communication containing a threat to cause damage to a protected computer, and a demand and request for money and other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion, contrary to 18 U.S.C. § 1030(a)(7)(A), (a)(7)(C) and (c)(3)(A).

## MANNER AND MEANS

18.     Defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN**, and **AVETISYAN** and others, known and unknown to the Grand Jury, used the following manner and means to carry out the conspiracy:

19.     It was part of the conspiracy that defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN**, and **AVETISYAN** and others, known and unknown to the Grand Jury, obtained at least two compiled Ryuk executables that encrypt victims' files and the matching decrypters that decrypt the files.

20.     It was part of the conspiracy that defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN**, and **AVETISYAN** and others, known and unknown to the Grand Jury, illegally and without authorization accessed victim computer networks and attempted to gain privileges within the network.

/ / /

**Indictment**                                                                                                    **Page 6**

21.     It was part of the conspiracy that defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN,** and **AVETISYAN** and others, known and unknown to the Grand Jury, deployed Ryuk ransomware on victim networks that deleted backup files and encrypted other files.

22.     It was part of the conspiracy that defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN,** and **AVETISYAN** and others, known and unknown to the Grand Jury, used a ransom note that demanded victims pay ransoms in bitcoin and provided an email address with which the victims should communicate.

23.     It was part of the conspiracy that defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN,** and **AVETISYAN** and others, known and unknown to the Grand Jury, engaged in communications with victims, demanding large ransom payments in exchange for a decrypter to access encrypted victim files.

24.     It was part of the conspiracy that defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN,** and **AVETISYAN** and others, known and unknown to the Grand Jury, received approximately 1,610 bitcoin in ransom payments, which was valued at over $15 million at the time of payment, and split those ransom payments among themselves.

## OVERT ACTS

25.     In furtherance of the conspiracy and to achieve the objects thereof, defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN,** and **AVETISYAN** and others, known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the District of Oregon and elsewhere:

/ / /

/ / /

**Indictment**                                                                                                                   **Page 7**

a.    In or before March 2019, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, illegally and without authorization accessed the network and computers of Victim Company-1.

b.    On or about March 17, 2019, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, deployed Ryuk on the computers of Victim Company-1.

c.    On or about March 18, 2019, Victim Company-1 sent an email to defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, at the email address provided in the Ryuk ransom note asking for help decrypting files. Defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, responded the same day: "Yes we can help *but it will cost money*" [emphasis in the original] and later that same day demanded 120 bitcoin.

d.    On or about March 21, 2019, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, received a ransom payment of 110 bitcoin, which was valued at approximately $500,000 at the time of payment, from Victim Company-1.

e.    In or about December 2019, defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN,** and **AVETISYAN** and others, known and unknown to the Grand Jury, illegally and without authorization accessed the network and computers of Victim Company-2.

f.    In or about January 2020, defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN,** and **AVETISYAN** and others, known and unknown to

**Indictment**                                                                                              **Page 8**

the Grand Jury, illegally and without authorization accessed the network and computers of Victim Company-3.

g.    In or about January 2020, defendants **PRYKHODCHENKO**, **LYULYAVA**, **VARDANYAN**, and **AVETISYAN** and others, known and unknown to the Grand Jury, received a ransom payment of 200 bitcoin, which was valued at approximately $1.7 million at the time of payment, from Victim Company-3.

h.    In or about February 2020, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, illegally and without authorization accessed the network and computers of Victim School-1.

i.    In or about May 2020, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, illegally and without authorization accessed the network and computers of Victim Company-4.

j.    On or about May 14, 2020, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, demanded payment from Victim Company-4 in a ransom note.

k.    On or about May 19, 2020, in response to a question from Victim Company-4 whether the ransom was one bitcoin, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, stated, "Sorry we are not starving here and don't work for 1 BTC[.] 50 BTC and all your data will be restored to the original condition."

l.    In or about September 2020, defendant **PRYKHODCHENKO** and others, known and unknown to the Grand Jury, illegally and without authorization accessed the network and computers of Victim Company-5.

**Indictment**                                                                 **Page 9**

m.      On or about September 29, 2020, defendant **PRYKHODCHENKO** and others, received a ransom payment of 1,300 bitcoin, which was valued at approximately $13 million at the time of payment, from Victim Company-5.

All in violation of 18 U.S.C. § 371.

### COUNT 2
### (Fraud in Connection with Computers)
**(18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B); 18 U.S.C. § 2(a))**

26.     All prior paragraphs of the Indictment are incorporated herein.

27.     In or about December 2019, in the District of Oregon and elsewhere, defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN**, and **AVETISYAN**, each aiding and abetting the other, did knowingly attempt to cause and cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to a protected computer of Victim Company-2; and the offense caused and would, if completed, have caused: (i) loss to 1 or more persons during a 1-year-period, and loss from a related course of conduct affecting 1 or more protected computers, aggregating at least $5,000 in value; and (iv) damage affecting 10 or more protected computers during a 1-year period.

All in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B).

### COUNT 3
### (Extortion in Connection with Computers)
**(18 U.S.C. § 1030(a)(7)(C), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B); 18 U.S.C. § (2)(a))**

28.     All prior paragraphs of the Indictment are incorporated herein.

29.     In or about December 2019, in the District of Oregon and elsewhere, defendants **PRYKHODCHENKO, LYULYAVA, VARDANYAN**, and **AVETISYAN**, each aiding and

**Indictment**                                                                                  **Page 10**

abetting the other, did knowingly attempt to cause and cause the transmission of a communication in interstate and foreign commerce, containing a threat to cause damage to a protected computer belonging to Victim Company-2, and a demand and request for money and other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion.

All in violation of 18 U.S.C. § 1030(a)(7)(C), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B).

## FIRST FORFEITURE ALLEGATION

30.    Upon conviction of the offense alleged in Count 1 of this Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

31.    If the above-described forfeitable property, as a result of any act or omission of defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**Indictment**                                                                                                    **Page 11**

## SECOND FORFEITURE ALLEGATION

32.     Upon conviction of the offense alleged in Count 2 of this Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(B) any property constituting or derived from proceeds obtained directly or indirectly as the result of such violation, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

33.     If the above-described forfeitable property, as a result of any act or omission of defendants:

      (a)   cannot be located upon the exercise of due diligence;

      (b)   has been transferred or sold to, or deposited with, a third party;

      (c)   has been placed beyond the jurisdiction of the court;

      (d)   has been substantially diminished in value; or

      (e)   has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: February 22, 2024.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

QUINN P. HARRINGTON, OSB #083544
KATHERINE A. RYKKEN, CSB #267196
Assistant United States Attorneys

**Indictment**

**Page 12**