**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Katherine A. Rykken**
Assistant U.S. Attorney
Katherine.Rykken@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 22, 2026

Robert Hamilton
101 SW Main, Suite 1700
Portland, Oregon 97204

Re: *United States v. Karen Vardanyan*, Case No. 3:22-cr-00280-MO
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant Karen Vardanyan ("defendant" or "Vardanyan"), and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges Conspiracy to Commit Fraud and Extortion in Connection with Computer Fraud, in violation of Title 18, United States Code, Section 371, and Count Two, Computer Fraud, in violation of Title 18, United States Code, Section 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B).

3. **Penalties**: The maximum sentence for Count One (Conspiracy) is five years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), three years of supervised release, and a $100 fee assessment. The maximum sentence for Count Two (Computer Fraud) is ten years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), three years of supervised release, and a $100 fee assessment.

Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**:

Count One (Conspiracy) Elements. In order for defendant to be found guilty of Count One of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, by in or about March 2019 and continuing through in or about June 2020, there was an agreement between two or more persons to commit at least one crime as charged in the superseding indictment, here, Computer Fraud in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B) and Extortion in Connection with Computer Fraud, in violation of 18 U.S.C. § 1030(a)(7)(C), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), (c)(4)(B), and (e)(2)(B);

Second, defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Count Two (Computer Fraud) Elements. In order for defendant to be found guilty of Count Two of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly caused the transmission of a program, information, code, and command to a computer;

Second, as a result of the transmission, the defendant intentionally impaired without authorization the integrity and availability of data;

Third, the computer was used in or affected interstate or foreign commerce or communication; and

Fourth, the offenses caused (or, in the case of an attempted offense, would, if completed, have caused), either (1) loss to 1 or more persons during a 1-year-period, and loss from a related course of conduct affecting 1 or more protected computers, aggregating at least $5,000 in value, or (2) damage affecting 10 or more protected computers during any 1-year period

Factual Basis. Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed:

*Ryuk Ransomware*. Ryuk is the name given to a ransomware package. Ransomware is a type of malicious software that attacks a victim's computer or servers and renders them unusable unless the victim makes a payment to the attackers. The Ryuk ransomware, when executed on a computer, would delete backup files present on the computer and then begin to encrypt files. Once the files on a computer were encrypted, a "ransom note" was placed onto the computer. The ransom note provided an email address for the victim to connect with the attacker to pursue paying a ransom to receive a decryptor program with which the encrypted files could be recovered.

*Vardanyan's Involvement in the Conspiracy.* Beginning on around November 2019 and continuing through on or about April 2020, Vardanyan and his co-conspirators Andrii Leonydovich Prykhodchenko ("Prykhodchenko"), Oleg Lyulyava ("Lyulyava"), and Amet Georgiyovych Avetisyan ("Avetisyan") conspired together to deploy Ryuk ransomware against victim entities in the United States and around the world. At the time, Vardanyan and his co-conspirators resided either in Ukraine or Russia. Vardanyan's participation in the conspiracy ended in or about approximately April 2020.

The deployment of Ryuk ransomware generally worked as follows: One of the co-conspirators would identify a victim entity and intentionally obtain access to the computer network, either through stolen access credentials or a brute force attack against the victim entity. Defenadant knew that the purpose of the computer intrusion was to obtain access to deploy ransomware. Once access to a victim entity was established, Ryuk ransomware was deployed on the victim entity's computer network, which deleted backup files and encrypted all files on the victim network. Once encrypted, a ransom note was placed on the victim network demanding payment to restore access to the victim network. Defendant knew that the ransom note and

executed of the Ryuk ransomware was intended to extort victim companies. In this case, the ransom note usually asked the victim entity to communicate with email accounts eliasmarco@tutanota.com or kaidrake@tutanota.com and asked for payments to be made in Bitcoin, a common type of cryptocurrency. Vardanyan's involvement in the conspiracy included ransomware attacks against at least the following five entities, each of whom had a computer that was used in or affected interstate or foreign commerce.

- Victim-Company 2: a company located in Wilsonville, Oregon within the District of Oregon was attacked in December 2019. The co-conspirators were able to access the computer network of Victim-Company 2, compromising 15 computers. Victim-Company 2 was able to stop the attack before ransomware was deployed. Vardanyan worked with his co-conspirator during the attack, seeking advice about hacking techniques. Victim-Company 2 paid at least $5,000 to remediate the computer intrusion.

- Victim-Company 3: a company located in Michigan was attacked in January 2020. Vitim-Company 3 paid 200 Bitcoin, valued at $1,178,856 at the time of payment, to restore access to their computer network. Several servers were compromised. Vardanyan worked with his co-conspirators during this attack and was paid for his role.

- Victim-School 1: a school located in Texas was attacked in February 2020, which affected one computer. Victim-School 1 did not pay a ransom. Vardanyan worked with his co-conspirators during this attack.

The overall loss caused by Vardanyan, including the ransom payments and remediation costs described above, is $1,183,856.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Sentencing Guidelines Calculation**: The parties agree that the following Sentencing Guidelines factors apply:

| | | |
|---|---|---|
| Base Offense Level | +6 | USSG § 2B1.1(a)(2) |
| Sophisticated Means/Outside U.S. | +2 | USSG § 2B1.1(b)(10)(B)–(C) |
| Loss Conduct of more than $750,000 | +14 | USSG § 2B1.1(b)(1)(H) |
| Conviction Under 1030(a)(5)(A) | +4 | USSG § 2B1.1(b)(19)(A)(ii) |
| **Total** | **26** | |

This Sentencing Guideline calculation takes into account the proposed new Sentencing Guidelines that are expected to take effect on November 1, 2026, specifically the loss calculation expected to be in place at the time of sentencing which reduces by 2 points the Sentencing Guideline under USSG § 2B1.1(b)(1).

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

The government agrees to recommend an additional two-level reduction for early acceptance of responsibility under 18 U.S.C. § 3553(a).

9. **Sentencing Recommendation**: The USAO will recommend a sentence within the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Variance or Adjustment for Certain "Zero-Point" Offenders**: If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

11. **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as

determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access

records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, which defendant agrees is at least $1,183,856, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17. <u>**Memorialization of Agreement**</u>: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by

all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by July 8, 2026.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Katherine A. Rykken*

KATHERINE A. RYKKEN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/29/2026
Date

Defendant Karen Vardanyan

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/29/2026

Date

Robert Hamilton, Attorney for Defendant
Karen Vardanyan

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

6/29/2026
Date

EBWerner
Interpreter (if necessary)