SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATHERINE A. RYKKEN, CAB #267196**
Assistant United States Attorney
Katherine.Rykken@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:22-cr-00280-03-MO** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **KAREN VARDANYAN,** | |
| **Defendant.** | |

**<u>Introduction</u>**

Karen Vardanyan ("Vardanyan" or "defendant") participated in a ransomware conspiracy to gain access to computer networks and then extort the victims for money, causing a loss of at least $1.1 million. Consistent with the plea agreement and the government's filings, the United States recommends that the Court sentence defendant to 24 months for the conspiracy and computer fraud convictions (Counts 1 and 2). A sentence at the low-end of the applicable guideline range, when accounting for the defendant's conduct and his acceptance of

responsibility, is necessary to reflect the serious nature of the offense and to deter others from engaging in similar conduct.

**Factual Background**

**A. Offense Conduct**

As set forth in detail in the plea agreement letter and the Presentence Report ("PSR"), Vardanyan was a member of a conspiracy that deployed Ryuk ransomware. Ransomware is a type of malicious software that attacks a victim's computer or servers and renders them unusable unless the victim makes a payment to the attackers. These payments were usually made in some form of cryptocurrency, usually Bitcoin. Vardanyan participated in the conspiracy from March 2019 to approximately June 2020 to deploy the Ryuk ransomware against companies, schools, and other entities throughout the world. One of the victims was a company located in Wilsonville, Oregon, that was attacked in December 2019 (i.e., Victim-Company 2). Defendant and his co-conspirators were able to initially access the computer network but were not ultimately able to gain enough access to deploy the ransomware because the victim's firewall was partially successful. Defendant also participated in the attacks against Victim-Company 3 (causing a loss of $1,178,856) and Victim-School 1.

The overall loss amount is approximately $1,183,856 as set forth in the plea agreement. The parties agree that an additional restitution amount of $35,250 should be paid to Victim-Company 2 for their remediation costs in responding to and addressing the breach of their computer network. The total restitution amount is $1,219,106.

**B. The Charges**

Defendant was charged in a three-count superseding indictment with conspiracy and computer fraud. Defendant was extradited from Ukraine to face these charges.

### C. The Plea Agreement & Guideline Computations

Defendant agreed to plead guilty to Counts 1 and 2 of the Superseding Indictment, and in exchange, the government will dismiss Count 3 at sentencing and has narrowed the overall loss amount for which defendant is being held accountable. The government will also, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility.

The parties agree with the following PSR computations and that defendant has a criminal history category of I:

| Enhancement | Government's Position |
|---|---|
| Base—<br>USSG § 2B1.1(a)(2) | 6 (not contested) |
| Loss—<br>USSG § 2B1.1(b)(1)(H)<br>Loss more than $750,000 | 14 (not contested) |
| Sophisticated Means/Outside the U.S.—<br>USSG § banking 2B1.1(b)(10)((B)-(C) | 2 (not contested) |
| Conviction Under 18 U.S.C. § 1030—<br>USSG § 2B1.1(b)(19)(A)(ii) | 4 (not contested) |
| Acceptance of Responsibility—<br>USSG § 3E1.1 | -3 (not contested) |
| Zero-point offender<br>USSG §4C1.1 | -2 (not contested) |
| Early Acceptance of Responsibility<br>18 U.S.C. § 3553(a) | -2 (not contested) |
| **Total Offense Level** | **19** |
| **Resulting Guideline Range** | **30-37 months** |

## <u>Argument</u>

### A. Government's Recommended Sentence

With a total offense level of 19 and a criminal history category of I, Vardanyan's advisory Guidelines range is 30-37 months' imprisonment. The United States respectfully

requests the Court impose a 24-month sentence. The United States believes this appropriately balances the nature, circumstances, and seriousness of the offense, Vardanyan's history and characteristics and the need to provide deterrence, promote respect for the law, among other sentencing factors.

Need to Protect the Public and Provide Adequate Deterrence. The government's recommended sentence will serve to protect the public, promote respect for the law, provide for general and specific deterrence, and provide for just punishment. At the time of his arrest, as far as the government could tell, Vardanyan was no longer engaged in this kind of criminal activity. This is Vardanyan's first conviction and, thus, the sentence of imprisonment being recommended here will provide sufficient time for him to consider the consequences of his actions, promote a respect for the law, deter him from committing other crimes, and provide a just punishment.

Financially motivated cybercrime targeting U.S. victims is often carried out as a result of highly organized activity among individuals located overseas. Like Vardanyan, many cybercriminals are not masterminds of a complex ransomware or extortion scheme but nonetheless play an integral part in the success of these crimes. Additionally, like Vardanyan, many cybercriminals based overseas exploit the anonymity afforded them by the internet to carry out crimes against U.S. victims, secure in the belief they will never face criminal punishment in the United States. Unfortunately, high rewards and a relatively low risk of detection are basic features of cybercrime. The only way to affect the cost-benefit analysis of these crimes is to impose meaningful sentences on those who are caught. *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (because "economic and fraud-based crime are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence"); *see also United States v. Thompson*, 130 F.4th 1158, 1167 (9th Cir.

2025) ("Fraud crimes like those at issue here typically are calculated, and, as a result, are particularly amenable to general deterrence.").

Avoiding Unwarranted Sentencing Disparities. Section 3553(a)(6) requires a court to "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty for similar conduct." According to Probation, during the last five years, there were 317 defendants whose primary guideline was USSG § 2B1.1, with a Final Offense Level of 21 and a Criminal History Category of I. For the defendants without a departure under USSG § 5K1.1 (93%), the average length of imprisonment imposed was 27 months, and the median length of imprisonment imposed was 28 months. *See* PSR ¶ 114.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 24 months, restitution of $1,219,106, followed by a three-year term of supervised release, subject to the standard conditions.

Dated: September 16, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Katherine A. Rykken*
KATHERINE A. RYKKEN, CAB #267196
Assistant United States Attorney